43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William W. BRYDGES, Petitioner-Appellant,
v.
Dale COPELAND; Grant Woods, Attorney General of the State
of Arizona, Respondents-Appellees.
 No. 94-16302.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William W. Brydges, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition. After conviction for aggravated assault, kidnapping and second degree burglary, Brydges was sentenced to a total term of 28 years. Brydges contends the district court erred by denying his claims that his federal constitutional rights were violated when: (1) his motion for a change of judge was denied; (2) his counsel failed to challenge the ruling denying a change of judge; (3) during closing argument the prosecutor suggested that Brydges was under the influence of drugs at the time of the crime; and (4) a juror (a) visited the scene of the crime and (b) went to the library to read about mandatory sentencing. We have jurisdiction under 28 U.S.C. Sec. 2253. We accept the district court's factual findings unless clearly erroneous, review its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), and we affirm.
 
 
 3
 A. Change of Judge and Ineffective Assistance of Counsel
 
 
 4
 Brydges entered into a plea agreement in which the state stipulated to a 10-year sentence and Brydges agreed to plead guilty to one count of aggravated assault. Judge Reinstein rejected the plea agreement on the basis that the stipulated sentence did not serve the interests of justice. Brydges moved for reassignment of his case under Arizona Rule of Criminal Procedure 17.4(g), which provides for a change of judge after rejection of a plea agreement. Judge Reinstein granted Brydges's motion and sent Brydges's case to the presiding judge for reassignment. The presiding judge, however, rejected Brydges's Rule 17.4(g) motion on the ground that Brydges had already exercised a Rule 10.2 peremptory against Judge Silverstein. Brydges did not object to the presiding judge's ruling but instead proceeded to trial before Judge Reinstein. In state appellate and collateral proceedings, Brydges argued he was entitled to an automatic change of judge under Rule 17.4(g); the state courts agreed but ruled that Brydges had waived the claim by failing to object to the presiding judge's ruling.
 
 
 5
 Brydges contends that the district court erred by denying his claim that his due process rights were violated when the presiding judge denied his Rule 17.4(g) motion. The district court denied this claim on the grounds that Brydges had failed to state a federal claim. In order to state a federal claim, a state prisoner must allege that his conviction violates federal law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Errors of state law are not grounds for federal habeas relief. Id. If, however, the error of state law " 'so infused the trial with unfairness as to deny due process of law,' " then federal habeas relief is available. Id. at 484 (quoting Lisenba v. California, 314 U.S. 219, 228 (1941)). Before we decide this issue, we must determine whether Brydges's claim is procedurally barred.
 
 
 6
 Because the Arizona courts found that Brydges had waived this claim, federal review of the claim is barred absent cause and prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Attorney ineffectiveness that violates the Sixth Amendment excuses a procedural default. Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Brydges alleged in state and federal court that counsel was ineffective. After conducting an evidentiary hearing, the state courts concluded that counsel was not ineffective. Ineffective assistance of counsel is a question of law which we review de novo. Reiger v. Christensen, 789 F.2d 1425, 1428 (9th Cir.1986).
 
 
 7
 In order to establish that counsel was ineffective, petitioner must establish not only that counsel's performance was deficient, but that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 
 
 8
 Even assuming that counsel's failure to object to the presiding judge's ruling was deficient to the extent that counsel stayed in Judge Reinstein's court not knowing that Brydges was entitled to another judge, Brydges has failed to show that counsel's failure to object prejudiced the defense. See Strickland, 466 U.S. at 687. Given counsel's testimony that he thought Judge Reinstein was a fair sentencing judge and that Brydges would fare no better with any other judge, as well as the lack of any showing that the sentence which Judge Reinstein pronounced was not supported by law, we conclude that Brydges was not prejudiced by counsel's failure to object to the presiding judge's ruling. Id.
 
 
 9
 Because Brydges has failed to demonstrate any prejudice from counsel's failure to challenge the presiding judge's ruling, Brydges has failed to establish ineffective assistance of counsel or cause for his procedural default. Consequently, his claim that the denial of his motion for a change of judge rendered his state proceedings fundamentally unfair is procedurally barred, see Coleman, 501 U.S. at 750, and his claim that counsel was ineffective for failing to object to the denial of that motion was properly denied on its merits.
 
 B. Prosecutorial Misconduct
 
 10
 Brydges contends the district court erred when it denied his claim that the prosecutor's suggestion during closing argument that Brydges was under the influence of drugs at the time of the crime rendered his trial fundamentally unfair. This contention lacks merit.
 
 
 11
 Brydges's counsel had argued to the jury that the victim's testimony was not credible because she had described her assailant as having dark eyes while Brydges has blue eyes. In rebuttal, the prosecutor argued:
 
 
 12
 And this man is outside in the dark. You know how a person's eyes work. When you are in the dark your pupil, the black part, and the dark part gets darker. And also Pam Davis told you that they had been doing drugs before and from your own personal experience, some of you.... (Emphasis added.)
 
 Defense counsel objected:
 
 13
 Objection. Facts not in evidence, your honor.
 
 The court responded:
 
 14
 Okay. Go ahead.
 
 The prosecutor continued:
 
 15
 Thank you. Your honor. Some of you may know from your experience in life that certain drugs affect how your eyes work, they make the pupils bigger. That's the dark part of the eye.
 
 
 16
 Absent two exceptions, collateral relief is not available for trial error unless the error had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). A pattern of prosecutorial misconduct, or a deliberate and especially egregious error, which affected the integrity of the proceedings can warrant habeas relief even though the error did not substantially influence the jury's verdict. Id. at 1722 & n. 9.
 
 
 17
 After review of the entire record, we are convinced that even assuming that the prosecutor's remark--that "they had been doing drugs before"--was a deliberate mischaracterization of testimony of constitutional proportion, that error was not crucial enough to the determination of Brydges's guilt to (a) constitute especially egregious error or (b) have a substantial and injurious effect or influence in determining the jury's verdict. See id. Accordingly, we affirm the district court's denial of this claim.
 
 C. Juror Misconduct
 
 18
 Brydges contends that the district court erred when it denied his claim that his trial was rendered fundamentally unfair because a juror drove by the scene of the crime and went to a library to research the law regarding mandatory sentencing. These contentions lack merit.
 
 
 19
 Juror misconduct requires a new trial only if there is a reasonable probability that extrinsic evidence affected the verdict. Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986). In order to make that determination, federal habeas courts should consider whether the extrinsic material was actually received; at what point during deliberations it was introduced; the extent to which the jury discussed and considered it; and any other matters that may bear on the possibility of whether the introduction of extrinsic material affected the verdict. Id.
 
 
 20
 Brydges raised these same allegations of juror misconduct in his motion for a new trial. The trial court conducted a hearing to address Brydges's claims. At that hearing, the juror admitted the truth of these allegations but testified that he did not tell the other jurors that he had driven by the scene of the crime until all eleven jurors had already voted for guilt; that driving by the scene of the crime "had nothing to do with" his own decision to vote for guilt; and that he had read about mandatory sentencing to satisfy his own curiosity. The trial court found that any misconduct by the juror had not affected the verdict. After reviewing the entire record, we agree and affirm the denial this claim. See id.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3